WILLIAM S. LIVINGSTON, Jr., et al., as Executors, etc., *v.* WILLIAM GORDON et al., Appellants, ST. JOSEPH'S HOME FOR THE AGED, Respondent.

THIS case is reported on a former appeal in 84 N. Y. 136, wherein it was held in substance that defendant, the Society for the Relief of the Destitute Blind, was entitled, in case it was willing to perform the condition, to a bequest given by the will of Ernest McCracken. The will of said testator gave to his executors $32,000 in trust to pay the interest to said society "so long as that institution shall maintain and care for William Gordon," and in case he was so cared for and maintained during life, at his death the principal to be paid to that society. In the judgment it was adjudged that said William Gordon receive during his natural life from said society "his reasonable and suitable maintenance either at their said institution or elsewhere as he may elect." It was also adjudged that "any of the parties to this action have leave to apply at the foot of this judgment for further instructions."

This was an application in pursuance of said provision.

The facts appearing thereon are stated in the opinion, which is given in full.

"The order of reference in this case required the referee to take proof of all the facts and circumstances relating to or affecting the right of the defendant Gordon to be allowed his support and maintenance, either at the institution of the defendant, 'The Society for the Relief of the Destitute Blind of the city of New York and its vicinity,' or elsewhere as he may select, so far as the same has not been already adjudicated, and what is a proper amount to be paid to said William Gordon, if any, for his reasonable support and maintenance, under the will of the testator, Ernest L. McCracken, to the time of the report, and during his life, provided he should

reside elsewhere than in said institution. The referee found that Gordon had a right to select some other place than the society, which right was restricted to some other incorporated society. That the proper amount to be paid for the support of said Gordon annually is $750, and that there should be paid for his past support, $2,947.91, being at the rate of $750 per annum. The Special Term granted an order confirming the referee's report, and directing the payment of the sum of $1,050 to him, annually hereafter, allowing him to select a place of residence other than the institution of some incorporated society, and the payment of $500 to his attorney for costs. Upon appeal the General Term reduced the amount to be paid to $750 per year, restricted his place of residence to the institution of some incorporated society, and reduced the amount of costs to $10, and directed that the sum of $750 hereafter annually be paid for the support of Gordon. From this order the present appeal was taken. The Court say: "We concur with the views expressed in the opinion of the General Term, by DANIELS, J., that so much of the order of the Special Term which modified the report of the referee, by directing the payment to William Gordon, hereafter annually, of the sum of $1,050, for his support and maintenance, was without authority, and not sanctioned by the terms of the will, under which he was to be supported. The will provided that he should ' be supported by the Society for the Relief of the Destitute Blind, at its home on West Fourteenth street, or by some other society which he might select. This provision conferred no authority to pay over the income of the fund in question, or any portion of the same, to Gordon. He had no right whatever to receive and apply the same for his own support and maintenance. In this respect, therefore, the order was erroneous, and the General Term properly directed its reversal. We also concur with the General Term, so far as it modified the order of the Special Term in reference of the payments hereafter to be made for Gordon's support and maintenance. We also think that this was not a case for an extra allowance, and the General Term properly reversed the order of the Special Term in this respect. The opinion to which reference has been had fully covers the questions involved, and an extended discussion

in regard to them is not required. The order of the General Term should be affirmed, without costs."

*Sidney S. Harris* for appellant.

*E. S. Ives* and *E. C. Boardman* for respondent.

MILLER, J., reads for affirmance.
All concur, except ANDREWS, J., absent.
Judgment affirmed.